# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

BRIAN KERRY O'KEEFE,

    Petitioner,

v.

ROBERT LEGRAND, et al.,

    Respondents.

CASE NO. 2:17-CV-845
JUDGE MICHAEL H. WATSON
Magistrate Judge Kimberly A. Jolson

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 11). This matter is before the Court on its own motion to consider the sufficiency of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. For the reasons that follow, the undersigned **RECOMMENDS** that this action be **DISMISSED**.

### I. Facts and Procedural History

On April 29, 2005, Petitioner was sentenced to five years of probation after he pleaded guilty to charges of Criminal Non-Support of Dependents, Ohio Revised Code Section 2919.21(A)(2), in the Court of Common Pleas for Fairfield County, Ohio. (*State of Ohio v. Brian K. O'Keefe*, Case No. 2004-CR-0237, Docket Sheet). While still subject to probation in Ohio, Petitioner was arraigned on January 6, 2009, for charges of second-degree murder with use of a deadly weapon by the state of Nevada. (*State of Nevada v. Brian K. O'Keefe*, Case No. 08C250630, Docket Sheet). Accordingly, on January 29, 2009, the Fairfield County Prosecutor moved to revoke Petitioner's probation for having violated the terms of his probation. (Doc. 15-1).

Petitioner was tried and convicted in Nevada. The Nevada Supreme Court reversed Petitioner's conviction on April 7, 2010, because of prejudicial jury instructions. (Doc. 17, PAGEID#: 84). After a retrial, however, Petitioner was convicted and sentenced on August 30, 2012, to the Nevada Department of Corrections ("NDC") for a term of ten to twenty-five years to be followed by a consecutive term of eight to twenty years. (Doc. 15-2). That sentence was affirmed by the Nevada State Supreme Court on April 10, 2013. *O'Keefe v. State of Nevada*, No. 61631, 2013 WL 1501038, at * 1 (Nev. Sup. Ct., April 10, 2013). Petitioner is in the custody of the state of Nevada pursuant to that judgment of conviction and sentence.

On January 28, 2016, the Fairfield County Sherriff's Department forwarded the January 29, 2009 motion to revoke Petitioner's probation to the NDC and copy of a capias for Petitioner's arrest issued by the Fairfield County Court of Common Pleas. (Doc. 15-1). The Sherriff also asked NDC to place a detainer on Petitioner and to notify the Sherriff's department when Petitioner was released so that he could be extradited to Ohio for probation revocation proceedings. (*Id.*).

On July 21, 2016, Petitioner filed a petition under 28 U.S.C. § 2241 in the United States District Court for the District of Nevada. (Doc. 11). In it, he alleges that the detainer requested by Fairfield County Ohio violates the Fifth Amendment's Double Jeopardy Clause because Petitioner's probation expired on April 29, 2010—five years after it was originally imposed—and that the imposition of a detainer on the basis of an expired sentence of probation constitutes "double jeopardy." (*Id.*). Petitioner fails to acknowledge, however, that the Fairfield County Prosecutor moved to revoke his probation on January 29, 2009, fifteen months before it was due to expire. Moreover, on June 30, 2016, the Fairfield County Court of Common Pleas dismissed the Prosecutor's motion to revoke Petitioner's probation, terminated Petitioner's probation, and

2

recalled the capias for Petitioner's arrest. (*State of Ohio v. Brian K. O'Keefe*, Case No. 2004-CR-0237, June 30, 2017 Entry). Accordingly, Petitioner is not in, or possibly subject to, custody because of an Ohio court judgment. Nevertheless, because Petitioner challenged the validity of a detainer based upon an Ohio court judgment, the Nevada District Court transferred the action to this Court on September 26, 2017. (Doc. 29).

## II. DISCUSSION

Rule 4 provides that "[i]f it plainly appears from the petition ... that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition . . . ." Rule 4 applies to habeas corpus petitions filed under 28 U.S.C. § 2254 and § 2241. *Evans v. U.S. Marshal Serv.*, No. 2:14-CV-1451, 2015 WL 1476654, at *2 (S.D. Ohio Mar. 31, 2015). In addition, 28 U.S.C. § 2243 provides that a district court may summarily dismiss a habeas petition if it appears that a petitioner is not entitled to relief. *See Blevins v. Lamanna*, 23 F. Appx. 216, 218 (6th Cir. 2001).

In this case, it appears that Petitioner is not entitled to relief and that dismissal is proper. As a preliminary matter, Petitioner should have sought habeas relief under § 2254 instead of § 2241. The Ohio detainer, if it existed, would be based on an Ohio *judgment*, and § 2254, not § 2241, applies when persons are in custody pursuant to a state court *judgment*. Even if Petitioner had invoked the proper mechanism, however, he would not be entitled to relief from this Court. The Fairfield County probation revocation proceedings have been dismissed and the capias recalled. There is no detainer based upon an Ohio court judgement. Consequently, Petitioner's challenge is moot.

## III. RECOMMENDED DISPOSITION

For the foregoing reasons, the undersigned **RECOMMENDS** that this action be **DISMISSED**.

**<u>Procedure on Objections</u>**

If any party objects to this *Report and Recommendation*, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. 636(B)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

IT IS SO ORDERED.

Date: October 4, 2017                    /s/ Kimberly A. Jolson
                                         KIMBERLY A. JOLSON
                                         UNITED STATES MAGISTRATE JUDGE