UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**BRIAN KERRY O'KEEFE,**

    **Petitioner,**

    v.                                    **CASE NO. 2:17-CV-845**

**ROBERT LEGRAND, et al.,**               **Judge Michael H. Watson**
                                       **Magistrate Judge Kimberly A. Jolson**

    **Respondents.**

## OPINION AND ORDER

On October 4, 2017, the Magistrate Judge issued a Report and

Recommendation ("R&R") pursuant to Rule 4 of the Rules Governing Section 2254

Cases in the United States District Courts recommending that the instant petition be

dismissed as moot. ECF No. 32. Petitioner objected to the R&R. ECF No. 35.

Pursuant to 28 U.S.C. § 636(b), this court has conducted a *de novo* review. For the

reasons that follow, Petitioner's objection is **OVERRULED**. The R&R is **ADOPTED**

and **AFFIRMED**.

Petitioner has also moved for leave to proceed *in forma pauperis*, ECF No.

33; to convert his habeas action into an action alleging violations of 42 U.S.C.

§ 1983 and for the appointment of counsel, ECF No. 34; and has filed a proposed

complaint alleging violations of § 1983, ECF No. 33-1. For the reasons that follow,

the motions, ECF Nos. 33, 34, are **DENIED**.

Further, while this action was pending before the United States District Court

for the District of Nevada, Petitioner filed two motions requesting judicial action and

one motion requesting judicial notice of certain court documents in prior proceedings. ECF Nos. 26, 27, and 28. Now that the Court has dismissed the habeas petition as moot, Petitioner's motions requesting judicial notice and judicial action are also **DENIED** as **MOOT**.

While serving a sentence of five years of probation imposed on April 29, 2005, by the Court of Common Pleas for Fairfield County, Ohio, Petitioner was arraigned by the state of Nevada for charges of second degree murder with use of a deadly weapon. As a result, on January 29, 2009, the Fairfield County Prosecutor moved to revoke Petitioner's probation (the "Revocation Motion"). ECF No. 15-1. After being tried and convicted in Nevada, Petitioner was sentenced to the Nevada Department of Corrections ("NDC") for a term of ten to twenty-five years to be followed by a consecutive term of eight to twenty years. ECF No. 15-2. That sentence was affirmed by the Nevada Supreme Court in 2013. *O'Keefe v. State of Nevada*, No. 61631, 2013 WL 1501038, at * 1 (Nev. Sup. Ct., April 10, 2013). More than two and a half years later, and while Petitioner was in custody in Nevada pursuant to that sentence, on January 28, 2016, the Fairfield County Ohio Sherriff's Department sent a copy of the Revocation Motion to the NDC with a copy of a capias for Petitioner's arrest issued by the Fairfield County Common Pleas Court. ECF No. 15-1. The Sherriff asked NDC to place a detainer on Petitioner and to alert Ohio authorities when he was released so that he could be extradited to Ohio for revocation proceedings. *Id.*

Petitioner responded by executing a petition for a writ of habeas corpus under 28 U.S.C. § 2241 on July 15, 2016,[1] alleging that his probation had expired on April 29, 2010—five years after it was imposed—and that the imposition of a detainer on the basis of an expired sentence of probation constitutes "double jeopardy." ECF Nos. 1, 11.

The Magistrate Judge correctly explained, however, that after Petitioner filed his petition, on June 30, 2017, the Fairfield County Common Pleas Court dismissed the Revocation Motion, terminated Petitioner's probation, and recalled the capias for Petitioner's arrest. ECF No. 35-1. Accordingly, Petitioner's double jeopardy challenge is now moot.

Petitioner objects to the Magistrate Judge's recommendation of dismissal. Petitioner asserts that the Magistrate Judge erred by finding that Petitioner should have invoked 28 U.S.C. § 2254 in his petition instead of § 2241. This assertion is not well taken. There is no question that Petitioner was convicted and sentenced by the Fairfield County Court of Common Pleas and, thus, he is not a pretrial or pre-conviction detainee. Accordingly, the provisions of § 2254 govern his petition. *See Allen v. White*, 185 F. App'x 487, 490 (6th Cir. 2006) (explaining that although a federal prisoner may collaterally attack the lawfulness of a sentence under 28 U.S.C. § 2255 and the execution of a sentence under § 2241, a state court prisoner can use § 2254 to assert both types of challenges). In any event, regardless of whether he proceeds under § 2241 or § 2254, Petitioner's double jeopardy claim has been mooted by the actions of the Fairfield County Common Pleas Court.

---

[1] The petition was filed on July 21, 2016. ECF Nos. 1, 11.

Petitioner's other objections also do not impact the Magistrate Judge's mootness analysis. Petitioner complains that the Magistrate Judge did not accurately describe every aspect of his state court cases. For example, he complains that the Magistrate Judge stated that Petitioner pleaded "guilty" instead of "no contest" to the misdemeanor charges in Fairfield County that led to his sentence of probation in 2005 and did not indicate that Petitioner was tried three times by the Nevada courts before he was ultimately convicted and sentenced for murder charges there. But the Magistrate Judge's mootness analysis did not rely upon anything that happened in the Nevada cases or upon anything that happened in the Fairfield County case before Petitioner's petition was filed. Rather, Petitioner's challenge has been mooted by actions that occurred only in the Fairfield County case and only after he executed his petition.

Petitioner also complains about the procedures used by the Fairfield County Common Pleas Court. For instance, he alleges that he was not notified when the Prosecutor filed the Revocation Motion, that it took the Fairfield County Common Pleas Court eight years to dismiss the Revocation Motion, and that the court never notified Petitioner when it dismissed the Revocation Motion. Assuming that these allegations are true, they still do not create a current controversy that could form the basis for habeas relief. The Fairfield County Common Pleas Court has already terminated Petitioner's probation and recalled the capias for his arrest. ECF No. 35-1. This Court will not order a state court to do something that it has already done. *Townsend v. Vasbinder*, 365 F. App'x 657, 660 (6th Cir. 2010) (explaining that

courts determine whether a case is moot by considering "whether the relief sought would, if granted, make a difference to the legal interests of the parties") (quoting *United States v. City of Detroit,* 401 F.3d 448, 450–51 (6th Cir. 2005)). Therefore, Petitioner's objections to the R&R are **OVERRULED** and the R&R is **ADOPTED** and **AFFIRMED.**

As discussed above, Petitioner's two motions for the Court to take judicial action and his motion for judicial notice of certain court documents are **DENIED** as **MOOT** given the Court's dismissal of this case. ECF Nos. 26, 27, 28.

Petitioner has also filed with this Court a motion to convert his habeas petition to an action alleging violations of § 1983 and a motion to proceed *in forma pauperis* in a § 1983 case. ECF Nos. 34, 33. The Court declines to allow Petitioner to convert this habeas action in this manner given that habeas and § 1983 actions are generally subject to different filing requirements. Accordingly, Petitioner's motion to convert and his motion to proceed *in forma pauperis* are **DENIED**. ECF Nos. 33, 34.

The Clerk is directed to remove ECF Nos. 26, 27, 28, 32, 33, and 34 from the Court's pending motions list.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**